53 P.3d 1211

David F. BOLGER, Petitioner–Appellant,

v.

Honorable Alan G. LANCE, Idaho State
Attorney General, Respondent.

No. 27475.

Supreme Court of Idaho,
Boise, March 2002 Term.

June 3, 2002.

Westberg, McCabe & Collins, Boise, for appellant. Paul L. Westberg argued.

Hon. Alan G. Lance, Attorney General; Michael S. Gilmore, Deputy Attorney General, Boise, for respondent. Michael S. Gilmore argued.

KIDWELL, Justice.

This case involves a public records request made by David F. Bolger (Bolger) upon the Office of the Attorney General (AG). The AG denied the request, and this action ensued. The district court denied Bolger's petition for disclosure of the records, finding that they were exempt from disclosure as investigatory records of a law enforcement agency. Bolger appealed, challenging the procedures employed by the AG and the district court related to the hearing on his petition and the district court's finding that the documents were exempt.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On October 6, 2000, Bolger, through his attorney, made a written request to examine

and/or copy public records (the request) maintained by the AG. The request asked for disclosure of several fairly broad categories of records, "including, pursuant to Section 9–342(1), Idaho Code, those records pertaining to David F. Bolger even if the record is otherwise exempt from public disclosure." Bolger's request was directed at gaining access to records that might disclose whether the AG was conducting an investigation of him or whether the AG had received requests to conduct an investigation of him.

The AG denied the request by a written letter to Bolger's attorney, which stated: "Your Public Records Request dated October 6, 2000, on behalf of your client, David F. Bolger, is hereby denied pursuant to Idaho Code § 9–340B." On October 20, 2000, Bolger filed his Verified Petition to Enforce Right to Examine and Copy Records (the petition) with the district court, which initiated this case. On that same day, Bolger filed a Motion for Order to Show Cause. The district court signed an order requiring the AG to turn over to Bolger the records that had been previously withheld or, alternatively, to file responsive pleadings and appear at a hearing to show cause why the requested records had not been turned over and why Bolger should not be awarded attorney fees. Four days before the show cause hearing, the AG turned over a substantial number of the requested documents to Bolger. The remaining requested documents were submitted to the court under seal, along with the AG's responsive pleadings. One of the documents under seal was an affidavit explaining how the other documents under seal were exempt from disclosure (first affidavit). That affidavit was executed by George Breitsameter, an Assistant United States Attorney, and presumably was submitted under seal in order to prevent Bolger from learning that a federal agency was involved in an investigation centering on him. The documents submitted under seal were never disclosed to Bolger prior to the district court's decision on his petition.

On November 29, 2000, after reviewing in camera the documents submitted under seal and hearing oral arguments, the district court signed an order and judgment denying Bolger's request to examine and copy the records submitted under seal. On December 14, 2000, Bolger moved the district court for an order directing disclosure of the first affidavit and for additional findings of fact and conclusions of law. In response, the AG filed an ex parte Affidavit of Counsel (second affidavit), describing the documents submitted under seal in more detail than it had in its pleadings in response to the order to show cause. The second affidavit was not disclosed to Bolger, and the court reviewed it in camera. At that point, the AG also provided Bolger with a copy of the first affidavit, which had previously been submitted under seal. On March 26, 2001, the district court entered its Findings of Fact, Conclusions of Law and Amended Judgment, explaining that the issue of disclosure of the first affidavit was mooted by the AG's voluntary disclosure and further explaining its reasons for denying Bolger's petition as to the other documents submitted under seal. Bolger has appealed from the district court's decision, arguing that the court erred in viewing the affidavits in camera; that his due process rights were violated when he was not given access to a detailed index of the nature and content of the documents submitted under seal; that the court erred in considering the second affidavit submitted by the AG in making its Findings of Fact, Conclusions of Law and Amended Judgment; and that there was not substantial and competent evidence to support the court's ruling that the documents were exempt from disclosure.

## II.

### STANDARD OF REVIEW

■ A trial court's findings of fact will not be set aside unless clearly erroneous, which is to say that findings that are based upon substantial and competent, although conflicting, evidence will not be disturbed on appeal. *DeChambeau v. Estate of Smith*, 132 Idaho 568, 571, 976 P.2d 922, 925 (1999). However, when the issue is one of law this Court exercises free review of the trial court's decision. *Bouten Constr. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 760, 992 P.2d 751, 755 (1999).

## III.

## ANALYSIS

Title 9 of the Idaho Code is entitled "Evidence." Chapter 3 of that Title is entitled "Public Writings." Section 9–338 provides the basic right of a citizen to view public records:

Public records—Right to examine

(1) Every person has a right to examine and take a copy of any public record of this state and there is a presumption that all public records in Idaho are open at all reasonable times for inspection except as otherwise expressly provided by statute.

I.C. § 9–338(1). Section 9–342 provides individuals a more specific, although limited right to examine records about themselves:

Access to records about a person by a person

(1) A person may inspect and copy the records of a public agency or independent public body corporate and politic pertaining to that person, even if the record is otherwise exempt from public disclosure.

. . . .

(3) The right to inspect and amend records pertaining to oneself does not include the right to review:

(a) Otherwise exempt investigatory records of a public agency or independent public body corporate and politic if the investigation is ongoing;

. . . .

(d) Information which is otherwise exempt from disclosure by statute or court rule;

. . . .

I.C. § 9–342(1), (3). Sections 9–340A through 9–340H specify records that are exempt from the general rights granted in sections 9–338 and 9–342. Section 9–340B provides:

The following records are exempt from disclosure:

(1) Investigatory records of a law enforcement agency, as defined in section 9–337(6), Idaho Code, under the conditions set forth in section 9–335, Idaho Code.

I.C. § 9–340B(1). This general exemption refers to section 9–335, which more specifically sets forth the exemption with regard to investigatory records:

(1) Notwithstanding any statute or rule of court to the contrary, nothing in this chapter nor chapter 10, title 59, Idaho Code, shall be construed to require disclosure of investigatory records compiled for law enforcement purposes by a law enforcement agency, but such exemption from disclosure applies only to the extent that the production of such records would:

(a) Interfere with enforcement proceedings;

(b) Deprive a person of a right to a fair trial or an impartial adjudication;

(c) Constitute an unwarranted invasion of personal privacy;

(d) Disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement agency in the course of a criminal investigation, confidential information furnished only by the confidential source;

(e) Disclose investigative techniques and procedures; or

(f) Endanger the life or physical safety of law enforcement personnel.

. . . .

Section 9–335 also provides the following definitions:

(2) . . . . Investigatory record as used herein means information with respect to an identifiable person or group of persons compiled by a law enforcement agency in the course of conducting an investigation of a specific act or omission. . . .

. . . .

As used herein, the term "law enforcement agency" means the office of the attorney general, the office of the state controller, the Idaho state police, the office of any prosecuting attorney, sheriff or municipal police department.

Section 9–337 also provides definitions of "investigatory record" and "law enforcement agency," for the purposes of sections 9–337 through 9–347.

## A. The District Court Properly Held That The Documents Submitted Under Seal Are Exempt From Disclosure.

Bolger argues that the district court erred in exempting the records because the AG is not a law enforcement agency and because the AG failed to meet its burden of demonstrating that the records are exempt from disclosure under all of the other requirements of I.C. §§ 9–335 and 9–337.

In support of his argument, Bolger points to this Court's holding in *Newman v. Lance*, 129 Idaho 98, 922 P.2d 395 (1996), for the proposition that the AG has no independent or primary power to prosecute criminal violations, outside the context of assisting other agencies. Consequently, Bolger argues, the AG is not a "law enforcement agency" under the definition contained in I.C. § 9–337(5). Similarly, he argues that the AG has no independent authority to investigate criminal violations and that the records therefore cannot be "investigatory records" under I.C. § 9–337(4).

▪ Bolger's arguments overlook the fact that the definitions contained in I.C. § 9–337 do not control the analysis. As noted above, section 9–337 limits its own applicability to I.C. §§ 9–337 through 9–347. Also, a basic tenet of statutory construction is that the more specific statute or section addressing an issue controls over a statute that is more general. *Mulder v. Liberty Northwest Ins. Co.*, 135 Idaho 52, 57, 14 P.3d 372, 377 (2000); *Paterson v. State*, 128 Idaho 494, 502, 915 P.2d 724, 732 (1996). Under this rule, it might at first seem that I.C. § 9–342 should apply, because it specifically grants an individual the right to examine public records that relate to that person, even if those records are otherwise exempt from public disclosure. I.C. § 9–342(1). However, subsection (3) of that statute limits the applicability of subsection (1) by excluding "otherwise exempt investigatory records ... if the investigation is ongoing," which implicitly defers to the exemption contained in I.C. § 9–340B. Idaho Code section 9–340B, in turn, defers to I.C. § 9–335 for a more specific definition of the investigatory records exemption. Additionally, the legislature made it absolutely clear that the provi-

sions of I.C. § 9–335 are to control over any contrary provisions when it began that section with the phrase "Notwithstanding any statute or rule of court to the contrary." Consequently, section 9–335 controls the overall analysis.

Under I.C. § 9–335(2), the definition of "law enforcement agency" specifically includes the Office of the Attorney General, and the definition of "investigatory records" is not limited to the confines of an agency's law enforcement authority.

▪ Next, we address Bolger's argument that the AG failed to meet its burden of demonstrating that the records are exempt from disclosure under all of the other requirements of I.C. §§ 9–335 and 9–337. Under I.C. § 9–338, reproduced above, there is a presumption that all public records in Idaho are open at all reasonable times for inspection except as otherwise expressly provided by statute. This Court narrowly construes exemptions to the disclosure presumption. *Federated Publications, Inc. v. Boise City*, 128 Idaho 459, 463, 915 P.2d 21, 25 (1996). The statutory scheme for disclosure of public records, and this Court's interpretation thereof, clearly envisions that, in responding to an order to show cause, the agency bears the burden of persuasion and must "show cause," or prove, that the documents fit within one of the narrowly-construed exemptions.

Based on our review of the withheld documents, we conclude that the documents themselves were substantial and competent evidence to satisfy the AG's burden of persuasion and to support the district court's finding that the withheld records were "investigatory records," under I.C. § 9–335(2). Additionally, our review of the documents and the record reveals that disclosure of the documents would clearly "interfere with law enforcement proceedings" or "disclose investigative techniques and procedures." I.C. § 9–335.

Consequently, we affirm the district court's decision to deny Bolger's petition for an order granting him access to the documents.

**B. The District Court Did Not Fail To Perform Its Judicial Function When It Adopted The Proposed Findings Of Fact And Conclusions Of Law Submitted By The AG.**

Bolger argues that the district court abandoned its judicial function, and thus erred, by accepting verbatim the proposed findings of fact submitted by the AG. We disagree. After entering its initial order, and upon Bolger's request, the court agreed to enter more detailed findings of fact and conclusions of law. The court directed both parties to submit proposed findings of fact and conclusions of law. The fact that the district court's findings closely parallel the arguments and proposed findings submitted by the AG simply reflects that the AG had the winning arguments in this case. The Idaho cases cited by Bolger do not support his argument that "Idaho's appellate courts have consistently disapproved" of the practice of adopting findings verbatim. Rather, the courts in those cases upheld the lower court's findings:

> To adopt verbatim a party's proposed findings of fact and conclusions of law is not the best practice, even if both sides have submitted proposals. However, it is not reversible error where, as here, those findings and conclusions essential to the decision reached are sufficient and are supported by the evidence.

*Cheney v. Jemmett,* 107 Idaho 829, 831, 693 P.2d 1031, 1033 (1984); *Pline v. Asgrow Seed Co.,* 102 Idaho 827, 833, 642 P.2d 64, 70 (Ct.App.1982). The district court's findings are sufficient and supported by the evidence. Consequently, there was no error in adopting the AG's proposed findings of fact and conclusions of law.

**C. The District Court Did Not Err By Denying Bolger's Motion For Attorney Fees In The Proceedings Below.**

In the proceedings below, Bolger sought an award of attorney fees under I.C. § 9–344 and I.C. § 12–117. The district court analyzed this issue under the attorney fee provision contained in I.C. § 9–335 and denied Bolger's request. Aside from the question of which of these code sections applies, Bolger must be the prevailing party in order to recover under any of them.

Bolger points out that, three days before the hearing, the AG disclosed documents that had previously been withheld under a claim of exemption. He argues that he was therefore the prevailing party with regard to the bulk of the requested documents as a result of his efforts in bringing this action. However, pursuant to I.R.C.P. 54(e)(1), I.R.C.P. 54(d)(1)(B) sets the standard to be used in determining the prevailing party. Rule 54(d)(1)(B) directs the court to consider, among other things, the extent to which each party prevailed relative to the "final judgment or result." As noted by the Idaho Court of Appeals, it may be appropriate for the trial court, in the right case, to consider the "result" obtained by way of a settlement reached by the parties. *Sanders v. Lankford,* 134 Idaho 322, 325, 1 P.3d 823, 826 (Ct.App.2000); *Daisy Manufacturing Co., Inc. v. Paintball Sports, Inc.,* 134 Idaho 259, 262, 999 P.2d 914, 917 (Ct.App.2000). However, the "[d]etermination of who is a prevailing party is committed to the sound discretion of the trial court and will not be disturbed absent abuse of discretion." *Bouten Constr. Co. v. H.F. Magnuson Co.,* 133 Idaho 756, 767, 992 P.2d 751, 762 (1999). Bolger has not shown an abuse of discretion in the court's determination of the prevailing party and the resulting decision to deny attorney fees.

We affirm the district court's ruling on the merits of Bolger's petition. The result would not have been altered if the district court had proceeded in the manner Bolger argues it should have. Therefore, the additional allegations of procedural error, even if valid, would be harmless error. On appeal, harmless error—error that does not affect a substantial right of the parties—is disregarded. I.R.C.P. 61; *Perry v. Magic Valley Reg'l Med. Ctr.,* 134 Idaho 46, 50–51, 995 P.2d 816, 820–21 (2000).

### IV.

### ATTORNEY FEES ON APPEAL

Bolger seeks an award of attorney fees on appeal under I.C. § 9–344 and I.C.

§ 12–117. Because he is not the prevailing party on appeal, no attorney fees are awarded.

## V.

## CONCLUSION

The district court did not err by determining that the withheld records were exempt from disclosure under I.C. § 9–335 or by adopting the AG's proposed findings of fact and conclusions of law. Bolger has not demonstrated an abuse of discretion in the district court's decision to deny his request for attorney fees. The other trial errors alleged by Bolger all amount to harmless error, because they could not have affected the final decision on his petition. No attorney fees or costs are awarded on appeal.

Chief Justice TROUT, Justices SCHROEDER, WALTERS, and EISMANN concur.