# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 38202/38216

| | | |
|---|---|---|
| HOBSON FABRICATING CORP., an Idaho corporation, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| SE/Z CONSTRUCTION, LLC, an Idaho limited liability company, | ) ) ) | Twin Falls, August 2012 |
| Defendant-Cross Claimant-Counter Cross Defendant-Appellant, | ) ) ) | 2012 Opinion No. 144 |
| and | ) ) | Filed: December 19, 2012 |
| STATE OF IDAHO, acting by and through its DEPARTMENT OF ADMINISTRATION, Division of Public Works, | ) ) ) ) ) | Stephen W. Kenyon, Clerk |
| Defendant-Cross Defendant-Counter Cross Claimant-Respondent. | ) ) ) ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

District court decision regarding costs and attorney fees, _affirmed._

Cosho, Humphrey LLP, Boise, for appellant Hobson Fabricating Corp. Todd Henry argued.

Racine, Olson, Nye, Budge & Bailey, Pocatello, for appellant SE/Z Construction, LLC. John A. Bailey argued.

Farley, Oberrecht, West, Harwood & Burke, PA, Boise, for respondent. Phillip S. Oberrecht argued.

BURDICK, Chief Justice

Appellants Hobson Fabricating Corp. (Hobson) and SE/Z Construction, LLC (SE/Z) appeal the district court's decision in their case against the State of Idaho, Department of Administration, Division of Public Works (DPW) regarding costs and attorney fees. Prior to the

district court's decision, the parties had settled all of their claims but for costs and attorney fees. The district court declared that all parties had prevailed in part and were to bear their own costs and fees. Hobson and SE/Z appeal the decision, arguing that the district court abused its discretion and should have found that they were the overall prevailing party.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2003, DPW hired SE/Z as the general contractor on its Bio-Safety Level 3 Laboratory project. SE/Z subsequently awarded Hobson a subcontract for the mechanical construction portion of the project work. Over a year a later and before the project's completion, DPW terminated its contract with SE/Z pursuant to a termination for convenience clause, which led SE/Z to terminate its contract with Hobson for convenience as well.

On October 26, 2005, Hobson filed a complaint against SE/Z and DPW, which included claims for breach of contract, breach of implied warranty, and termination for convenience and claimed damages of over 1.5 million dollars. However, SE/Z and Hobson had already entered into a Claims Prosecution Agreement to jointly pursue their respective claims and defend against DPW's claims. Thus, Hobson initiated the action against SE/Z in order to assert pass through claims against DPW. SE/Z then filed a cross-claim against DPW in which it asserted claims on behalf of itself and Hobson totaling $1,973,107.38.

DPW answered with a counterclaim against Hobson and a counter cross-claim against SE/Z, claiming that it had to terminate the contract for convenience after numerous attempts to move the project forward. Subsequent to Hobson's and SE/Z's replies to DPW's claims, Hobson filed a complaint against six DPW or State of Idaho employees in their individual capacities for various claims, which were consolidated with this action.

Over the next thirty months, the district court had the opportunity to rule on multiple motions from the parties. In the first of these decisions, the district court granted Hobson and SE/Z's motion for summary judgment regarding the issue of whether Hobson and SE/Z (hereafter jointly referred to as "Contractors") were entitled to recover for work executed and for proven losses, but denied it on the issue of whether DPW was precluded from asserting any defenses or cross-claims. The district court found that the provisions in the contract regarding termination for convenience were clear and unambiguous and entitled the Contractors to recover for costs and losses. As for the preclusion issue, the district court found that subsection 13.4.2 of the contract preserved DPW's claims against the Contractors.

2

Next, the district court granted Hobson's motion for partial summary judgment, dismissing DPW's counterclaims against Hobson because there was no contractual relationship between the parties. Additionally, the district court denied SE/Z's motion for partial summary judgment, finding that there was a genuine issue of material fact regarding compliance with the contractual notice provision.

In the third of such decisions, the district court granted DPW's motions for summary judgment against Hobson's claims against DPW and the partial summary judgment against SE/Z, denying any damages related to issues with the hot gas bypass segment of construction. The district court also granted the individual defendants' motions for summary judgment against Hobson, dismissing all claims against the individuals. Finally, the district court also denied Hobson's Motion in Limine seeking to preclude DPW from introducing evidence of any claims against the contractors until DPW could provide evidence that it complied with the contractual notice provisions.

A mistrial was declared in this action on October 31, 2008, and the district court ordered a stay on all new discovery and ordered that leave of court be sought before filing any substantive motions. Prior to the retrial, the district court ruled on additional motions in limine filed by Hobson, even though the court found that the motions were really substantive motions of reconsideration on prior rulings. The district court ordered that DPW was precluded from introducing evidence "of cross-claim damages for repair or replacement for any item of work for which it failed to provide Defendant SE/Z notice and an opportunity to cure" because DPW "admittedly failed to discover the alleged defects until after it had terminated the contract for convenience." This ruling was contrary to its previous rulings denying partial summary judgment motions seeking to dismiss DPW's affirmative claims and those issues pertaining to the contractual notice provision. Thus, the court now found that the failure to provide notice and opportunity to cure foreclosed DPW from pursuing its claims against the Contractors. The court's order also denied the Contractors' claim that the post-termination damages would be calculated by the "total cost method" rather than under the contract's fixed price terms.

In response to subsequent motions in limine looking for clarification on the district court's order, the court stated:

> The scope of the damages Plaintiff Hobson and Defendant SE/Z may claim is very narrow, consisting only of claims for the work authorized by the contract which they had performed in compliance with the plans and specifications, for

3

which they had not yet been paid as of the date of termination of the contract and for which they would have been paid had the contract been completed.

On May 5, 2010, a stipulation was entered declaring that a settlement had been reached between the parties, save for the issue of costs and attorney fees. The matter was settled for a payment of $225,000.00 from DPW to SE/Z.

Following extensive briefing on the matter of costs and attorney fees, the district court entered an order on September 15, 2010. The district court found that DPW and the Contractors had each prevailed in part on their respective claims and counterclaims and ordered each party to bear its own costs and fees. A judgment was filed on September 27, 2010, and Hobson filed a notice of appeal on October 26, 2010. SE/Z filed a cross-appeal on the same day.

## II.    ISSUES ON APPEAL

1. Whether the district court abused its discretion by ruling that both DPW and the Contractors prevailed in part and were to bear their own costs and fees.

2. Whether the district court was required to further analyze the issue of costs and attorney fees pursuant to I.C. § 12-117(2).

3. Whether the district court abused its discretion when it awarded costs to the individual defendants against Hobson.

4. Whether any party is entitled to attorney fees on appeal.

## III.    STANDARD OF REVIEW

This Court reviews appeals from a district court's decision applying I.C. § 12-117 under an abuse of discretion standard. *City of Osburn v. Randel*, 152 Idaho 906, 908, 277 P.3d 353, 355 (2012). Review of a trial court's decision on attorney fees for an abuse of discretion involves three questions. *Halvorson v. N. Latah Cnty. Highway Dist.*, 151 Idaho 196, 208, 254 P.3d 497, 509 (2011) (citing *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)). First, whether the trial court correctly perceived the issue as one of discretion. *Id.* Next, whether the trial court acted "within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it." *Id.* Finally, "whether the district court reached its conclusion by an exercise of reason." *Id.*

## IV.    ANALYSIS

### A. The District Court Did Not Abuse Its Discretion by Ruling that Both DPW and the Contractors Prevailed in Part and Were to Bear Their Own Costs and Fees.

The Contractors argue that the district court should have determined them to be the overall prevailing party because they received the only financial recovery in the action, prevailed

on two-thirds of the causes of action contested below, and defeated DPW's cross-claim, which they perceived as the largest claim in the action. Additionally, SE/Z also contends that at least it should be considered a prevailing party because it received $225,000 from DPW in settlement when it only claimed $302,941.70 in damages individually against DPW. DPW responds that the Contractors are not the overall prevailing party because the district court did not find in their favor. Specifically, DPW points out that it defeated all of Hobson's claims, never attempted to dismiss any of SE/Z's claims, and successfully defeated the Contractors' attempt to convert the fixed-price contract into a cost-plus contract.

The district court's determination of prevailing party status for the purpose of awarding attorney fees and costs is within the court's sound discretion, and will not be disturbed on appeal unless there is an abuse of discretion. *Jorgensen v. Coppedge*, 148 Idaho 536, 538, 224 P.3d 1125, 1127 (2010). A prevailing party inquiry is guided by I.C.R.P. 54(d)(1)(B), which provides:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

Rule 54(d)(1)(B) directs the court to consider, among other things, the extent to which each party prevailed relative to the "final judgment or result." This Court has previously noted that it may be "appropriate for the trial court, in the right case, to consider the 'result' obtained by way of a settlement reached by the parties." *Bolger v. Lance*, 137 Idaho 792, 797, 53 P.3d 1211, 1216 (2002). Additionally, where there are claims and counterclaims between opposing parties, "the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 719, 117 P.3d 130, 133 (2005). Accordingly, this Court has held that the trial court has the discretion to decline an award of attorney fees when it determines that both parties have prevailed in part. *Oakes v. Boise Heart Clinic Physicians*, 152 Idaho 540, 545, 272 P.3d 512, 517 (2012) (citing *Jorgensen*, 148 Idaho at 538, 224 P.3d at 1127). Therefore, the issue in this case is not who succeeded on more individual claims, but rather who succeeded on the main issue of the action based on the outcome of both the litigation and the settlement.

5

While the Contractors attempt to frame the issue as a claim-by-claim analysis, the main cause of action that both the Contractors and DPW brought and had to defend against was for breach of contract. Under the Contractors' claim, the bulk of the damages sought were through an attempt to convert the fixed-price contract into a cost-plus contract. Meanwhile, DPW's breach of contract cross-claim was based on an attempt to assert damages for which it did not give the Contractors notice in accordance with the contract. Ultimately the Contractors defeated DPW's cross-claim, but failed in their attempt to convert the contract into a cost-plus contract. This led the parties to settle the limited remaining causes of action out of court with DPW paying SE/Z $225,000 out of the $1.9 million SE/Z initially asserted against DPW.

SE/Z now claims that at least it should be considered a prevailing party because only $302,941.70 of the $1.9 million claim is attributable to SE/Z. This argument ignores the fact that Hobson was not in privity with DPW and so could not bring a breach of contract claim against DPW on its own. *See Wing v. Martin*, 107 Idaho 267, 272, 688 P.2d 1172, 1177 (1984) ("It is axiomatic in the law of contract that a person not in privity cannot sue on a contract."). This lack of privity is why Hobson asserted its claims against DPW as pass-through claims against SE/Z. Because SE/Z asserted the full $1.9 million claim on behalf of itself and Hobson and Hobson could not have brought its own claim against DPW, our prevailing party analysis as to SE/Z includes the entire claim SE/Z asserted. Thus, this Court must determine whether the district court abused its discretion by not finding the Contractors to be the overall prevailing party when they defeated DPW's cross-claim and received $225,000 in settlement for their $1.9 million dollar claim.

Both a party's successes in bringing claims and in defending against them are important to the prevailing party analysis. *See Oakes*, 152 Idaho at 546, 272 P.3d at 518. In *Oakes*, this Court looked at whether the plaintiff was successful in his breach of contract claim, the fundamental issue of his complaint. Although the plaintiff did not succeed on his ancillary wage claim and only received 10% of what he sought under his breach of contract claim, this Court found that the district court abused its discretion by declining to find the plaintiff to be the prevailing party when he had successfully defended against the respondent's counterclaim and received a final judgment in his favor. *Id.* Similarly, in *Eighteen Mile Ranch*, this Court reversed the district court's determination that the defendant was not the prevailing party when the defendant had successfully defended against the plaintiff's claims and won a small portion of its

counterclaim. 141 Idaho at 719, 117 P.3d at 133. In both *Oakes* and *Eighteen Mile Ranch*, this Court held that the district court abused its discretion by undervaluing the successful defense of a claim or counterclaim and deciding that neither party prevailed overall.

This case is similar to *Oakes* and *Eighteen Mile Ranch* in that the Contractors successfully defended against DPW's counterclaims and received a monetary award for far less than they initially sought. However, the critical difference is that the monetary award SE/Z received was the result of settlement, not an award following trial and a judgment on the merits. Because monetary awards reached by settlement do not indicate as clearly who succeeded in an action as a judgment on the merits, we must determine to what extent the outcome of a settlement agreement should influence the prevailing party analysis.

While few courts have directly addressed this issue, those that have acknowledge the unique difficulties settlement awards pose for determining prevailing party status. In order to encourage settlement some courts have refused to allow attorney fees at all in cases ending in settlement. *See Zhang v. D.B.R. Asset Mgmt., Inc.*, 878 So. 2d 386, 387 (Fla. Dist. Ct. App. 2004) (affirming the district court's determination that "there is no prevailing party in a settled case"); *Howell Petroleum Corp. v. Samson Res. Co.*, 903 F.2d 778, 784 (10th Cir. 1990) (interpreting Oklahoma fee shifting statute as requiring a final judgment to recover attorney fees as a prevailing party). Similarly, the California legislature has enacted a law that bars attorney fees in contract cases where the contract specifically provides for attorney fees when those cases end in settlement in order to encourage settlement and to avoid the "maintenance of pointless litigation." *CDF Firefighters v. Maldonado,* 132 Cal. Rptr. 3d 544, 548-49 (Cal. Ct. App. 2011), review denied (Feb. 1, 2012). Noting the various and complex reasons parties settle, other courts allow attorney fees when the outcome of the settlement clearly indicates that a party substantially received the result it sought to achieve through litigation. *D.S.I. v. Natare Corp.*, 742 N.E.2d 15, 24 (Ind. Ct. App. 2000) (allowing attorney fees in cases ending in settlement if the settlement "resolve[s] the dispute generally in the favor of the one requesting attorney fees and alter[s] the litigants' legal relationship in a way favorable to the requesting party"); *Chainani v. Lucchino*, 942 N.Y.S.2d 735, 736 (N.Y. App. Div. 2012) (allowing an award of attorney fees in cases ending in settlement so long as the party "prevailed with respect to the central relief sought"); *Tobeluk v. Lind*, 589 P.2d 873, 881 (Alaska 1979) (affirming the trial court's decision not to award attorney fees because the settlement agreement was the outcome of a "political decision").

7

For purposes of analysis in this case, stipulations to dismiss are a form of settlement. Idaho has treated cases ending in settlement no differently than cases tried to conclusion. In either case, the court must still look to I.R.C.P 54(d)(1)(B). As this Court stated in *Bolger v. Lance*:

> Rule 54(d)(1)(B) directs the court to consider, among other things, the extent to which each party prevailed relative to the "final judgment or result." [I]t may be appropriate for the trial court, in the right case, to consider the "result" obtained by way of a settlement reached by the parties. However, the "[d]etermination of who is a prevailing party is committed to the sound discretion of the trial court and will not be disturbed absent abuse of discretion."

137 Idaho 792, 797, 53 P.3d 1211, 1216 (2002) (citations omitted). Additionally, *Bolger* stands for the proposition that the trial court may take into consideration the result obtained by way of settlement, but that result alone is not controlling.

In this case, the district court based its decision that both parties prevailed in part on an overall view of the action that considered both the claims decided in court and the outcome of the parties' settlement negotiations. The district court correctly perceived the issue as one of discretion and acted within the outer boundaries of its discretion and considered the competing claims in the context of the Rule 54(d)(1)(B) factors. Specifically, the district court held:

> In the overall case, both parties were required to expend considerable resources both asserting and defending claims. Hobson's initial claim against SE/Z and the State sought more than $1.5 million; SE/Z's cross-claim against the State sought more than $1.9 million; and the State's counter-claim sought more than $2.6 million. In the end, the case settled with the State paying SE/Z $225,000.00 with no admission of liability. Over the course of five years, numerous other claims were addressed through motion hearings. Each party prepared for and conducted three weeks of trial which ended in a mistrial. Each party prevailed on some issues and each party lost on other issues. For all these reasons, the Court orders each party bear its own costs and fees

The litigation in this case spanned more than five years with both the Contractors and DPW successfully narrowing the claims of the other before DPW eventually settled with the Contractors without admitting liability. Because the district court considered this final result in relation to the relief sought by the parties, the multiple claims and issues between the parties, and the extent to which each had prevailed on those issues, it did not abuse its discretion by finding that both parties prevailed in part. Therefore, this Court affirms the district court's order that each party bear its own costs and fees.

**B. The District Court Was Not Required to Further Analyze the Issue of Costs and Attorney Fees under I.C. § 12-117.**

The Contractors argue on appeal that the district court was required to make an award of attorney fees pursuant to I.C. § 12-117(1), and in the alternative, that the district court failed to conduct a partial prevailing party analysis as required by I.C. § 12-117(2). DPW argues that the Contractors are not entitled to fees pursuant to I.C. § 12-117(1) because they were not the overall prevailing party and that the Contractors failed to raise the issue of partial recovering party (I.C. § 12-117(2)) prior to appeal.

Idaho Code section 12-117 (as it existed at the time of this proceeding) provides for attorney fees in a civil judicial proceeding where a state agency is a party.[1] To be awarded attorney fees under I.C. § 12-117(1) a party must be the overall prevailing party. *Fischer v. City of Ketchum*, 141 Idaho 349, 355–56, 109 P.3d 1091, 1097–98 (2005). Because the district court in this case did not abuse its discretion by declaring that each party prevailed in part, the district court also did not err by not applying I.C. § 12-117(1).

The Contractors argue alternatively that the district court should have awarded attorney fees pursuant to I.C. § 12-117(2) once it declared that each of the parties prevailed in part. This subsection provides for attorney fees where a party "prevails on a portion of the case" and the "nonprevailing party acted without a reasonable basis in fact or law with respect to that portion of the case." 2010 Idaho Sess. Laws 49. Additionally, a party must make a specific request below for an award of attorney fees. *Bingham v. Montane Res. Assocs.*, 133 Idaho 420, 424, 987 P.2d 1035, 1039 (1999). Thus, whether or not the district court should have analyzed the issue of attorney fees under I.C. § 12-117(2) turns on whether the Contractors properly asserted it as a grounds for attorney fees below.

---

[1] At the time of this proceeding, I.C. §§ 12-117(1) and (2) stated:

> (1) Unless otherwise provided by statute, in any administrative proceeding or civil judicial proceeding involving as adverse parties a state agency or political subdivision and a person, the state agency or political subdivision or the court, as the case may be, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.
>
> (2) If a party to an administrative proceeding or to a civil judicial proceeding prevails on a portion of the case, and the state agency or political subdivision or the court, as the case may be, finds that the nonprevailing party acted without a reasonable basis in fact or law with respect to that portion of the case, it shall award the partially prevailing party reasonable attorney's fees, witness fees and other reasonable expenses with respect to that portion of the case on which it prevailed.

A request for attorney fees should "alert the other party to the basis upon which attorney fees are requested in order that the other party may have a sufficient opportunity to object." *Id.* "A trial judge cannot award attorney fees on a basis not asserted by the party requesting them." *KEB Enterprises, L.P. v. Smedley*, 140 Idaho 746, 754, 101 P.3d 690, 698 (2004). This Court has awarded fees where the specific subsection of an attorney fees statute was not cited, but in those cases sufficient argument was made to put the other party on alert as to what provisions they were asserting. *See Eighteen Mile Ranch*, 141 Idaho at 720, 117 P.3d at 134; *Clark v. State, Dep't of Health & Welfare*, 134 Idaho 527, 532, 5 P.3d 988, 993 (2000). In *Eighteen Mile Ranch,* this Court found that it was not dispositive for the prevailing parties in the action to fail to cite specifically to I.C. § 12-120(3) when they only cited generally to I.C. § 12-120. 141 Idaho at 720, 117 P.3d at 134. In addition to citing to I.C. § 12-120 generally, the parties also described in their fee requests that their request was based on "a commercial transaction as defined by Idaho Code § 12-120." *Id.* This Court stated that while the parties' request did "not specifically refer to subsection (3) of I.C. § 12-120, it adequately identifie[d] the ground under which fees [we]re sought." *Id*. Similarly, in *Clark*, this Court found that the prevailing party had "made an adequate request" for attorney fees under I.C. § 12-120(3) even though it only claimed attorney fees generally under I.C. § 12-120. 134 Idaho at 532, 5 P.3d at 993. An adequate request had been made because the prevailing party also cited to a case where fees had been specifically awarded pursuant to I.C. § 12-120(3). *Id*.

In this case, the Contractors failed to adequately describe that the basis of the award they were pursuing was centered on I.C. § 12-117(2), and they did not cite to any case where an award of attorney fees was made pursuant to I.C. § 12-117(2). They only described their arguments in terms of the wording found in I.C. § 12-120(1), and based their arguments on cases awarding fees pursuant to this subsection. The record does not show that there was an adequate request pursuant to I.C. § 12-117(2). Because the Contractors did not properly present a request pursuant to I.C. § 12-117(2) below, they are not allowed to pursue that request on appeal. *Pines Grazing Ass'n, Inc. v. Flying Joseph Ranch, LLC*, 151 Idaho 924, 930, 265 P.3d 1136, 1142 (2011) ("This court will not address issues not raised in the lower court.") (quoting *Idaho Dairymen's Ass'n, Inc. v. Gooding Cnty.*, 148 Idaho 653, 660, 227 P.3d 907, 914 (2010)).

10

**C. The District Court Did Not Abuse Its Discretion When It Awarded Costs to the Individual Defendants Against Hobson.**

Hobson argues on appeal that had the district court taken an "overall view" analysis of the case, the individual defendants would not have been entitled to an award of attorney fees. DPW argues that the district court did not err in awarding the individual defendants costs.

The district court has discretion under I.R.C.P. Rule 54(d)(1)(B) to determine a prevailing party for purposes of an award of costs. Regarding the suit between Hobson and the individual defendants, the district court found that the individual defendants were the prevailing party. Whether the district court considered the case against individual defendants as part of the entire litigation pursued by the Contractors as Hobson argues it should have, or as parties in a separate claim as the court did, the fact is that they faced no liability as the district court dismissed the claims against them in summary judgment. The district court was well within its discretion when it awarded the individual defendants costs.

Rule 54(d)(1)(B) clearly states that the "court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties." The district court found that the claims against the individual defendants were dismissed on summary judgment. Considering that this was the only relief sought by the respective parties, it was not an abuse of discretion to award the individual defendants costs. The district court recognized that it had the discretion to award costs (it cited to Rule 54(d)(1)(B)), it acted consistently with the rule, and it reached its decision by an exercise of reason. Therefore, this Court affirms the district court's decision to award the individual defendants costs.

**D. Neither Party is Entitled to Attorney Fees on Appeal under I.C. § 12-117.**

Each party argues on appeal that it is entitled to attorney fees pursuant to I.C. § 12-117. "Section 12–117 authorizes fees to the prevailing party on appeal. The Court employs a two-part test for I.C. § 12–117 on appeal: the party seeking fees must be the prevailing party and the losing party must have acted without a reasonable basis in fact or law." *City of Osburn v. Randel*, 152 Idaho 906, 910, 277 P.3d 353, 357 (2012) (citation omitted). A party did not act without reasonable basis in fact or law if it raised an issue of first impression in Idaho or presented a legitimate question for this Court to address. *Lane Ranch P'ship v. City of Sun Valley*, 145 Idaho 87, 91, 175 P.3d 776, 780 (2007).

Here, DPW is the prevailing party, but the Contractors did not pursue this appeal without a reasonable basis in fact or law. So, neither party is entitled to fees on appeal under I.C. § 12-117.

## V.    CONCLUSION

This Court affirms the district court's order that the Contractors and DPW bear their own costs and fees and its order that Hobson pay the individual defendants' costs.  No attorney fees awarded on appeal. Costs to DPW.

Justices EISMANN, J. JONES, HORTON and KIDWELL, J., Pro tem, **CONCUR.**