160 P.3d 754

**Dennis THOMPSON, Plaintiff–Respondent,**

**v.**

**Robert EBBERT, an individual, and Elise Ebbert, an individual, Defendants–Appellants.**

No. 32743.

Supreme Court of Idaho, Boise, March 2007 Term.

May 29, 2007.

Haemmerle & Haemmerle, P.L.L.C., Hailey, for appellants. Fritz X. Haemmerle argued.

Lawson & Laski, P.L.L.C, Ketchum, for respondent. Erin F. Clark argued.

TROUT, Justice.

This case arises from a decision by the district court on summary judgment finding that an attempted lease of the garage portion of a condominium unit was void based on a lack of authority to lease only a portion of the property.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Robert and Elise Ebbert (the Ebberts) constructed Sawtooth Condominiums located in Ketchum, Idaho. As part of the development, construction and sale of this project, the Ebberts had prepared the Condominium Declaration for Sawtooth Condominiums II (the Declaration), which includes a number of limitations on the use and conveyance of the individual condominium units. The Declaration defines "Unit" as being contained within interior surfaces of the perimeter walls, including the interior of any storage areas and garages. Further, the Declaration provides for three garages that are an "integral" part of three residential units and also lists which garage belongs to each unit:

> *Section 2.2 Unit:* "... Three (3) garages are also included in the project. The ownership of a storage unit or garage is preconditioned on the ownership of a residential unit.... The three (3) garages are an integral part of three (3) separate residential units according to this schedule
>
> | Unit 4 | Garage 3 |
> | Unit 1 | Garage 2 |
> | Unit 13 | Garage 1 |

The Ebberts owned Unit 1 (Unit) in the condominium project and therefore, Garage 2 was a part of their Unit. In 1998, the Ebberts entered into negotiations to sell their condominium to Polly Cooke. The Ebberts asserted that Cooke did not want to pay the full price for the Unit, so the Ebberts offered it at a lower price if Cooke would purchase the Unit subject to a long term lease of the garage to Mrs. Ebbert. Cooke agreed and as a result, prior to the sale, the Ebberts (as joint owners) leased the garage to Mrs. Ebbert (individually) for fifty years. A Memorandum of Lease was recorded in the records of Blaine County. Although Cooke's warranty deed conveyed Unit 1, as described and defined in the Declaration, the conveyance was subject to "restrictions and encumbrances of record." As a part of the closing, the Ebberts and Cooke signed a "Letter of Understanding" which recited that the Ebberts had previously entered into a long term lease agreement for the garage and that Cooke was purchasing the Unit (defined as both Unit 1 and Garage Unit 2) subject to this long term lease. In April of 2003, Cooke sold the Unit to the Agoglias, who subsequently sold it to Dennis Thompson in November of 2003.

In 2005, Thompson filed a complaint for declaratory relief and to quiet title, arguing that the lease of the garage was invalid, as it violated certain covenants in the Declaration.[1] Thompson additionally asserted that the lease was void because it violated the Ketchum subdivision ordinance. Thompson then filed a motion for summary judgment to which the Ebberts responded with their own motion for summary judgment, asserting the lease was not void and that Thompson's action was barred by the statute of limitations. After a hearing, the district court concluded Thompson's action was not barred by the statute of limitations and granted his motion on the basis that the lease was void as a matter of law because it violated the Declaration. Therefore, the district court stated that it did not need to address whether the lease also violated the Ketchum ordinance. The Ebberts now appeal that decision.

## II.

### STANDARD OF REVIEW

"In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment." *Lockheed Martin Corp. v. Idaho State Tax Comm'n*, 134 P.3d 641, 644, 142 Idaho 790, 793 (2006). Disputed facts should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* "Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* This Court exercises free review over questions of law. *Id.*

## III.

### DISCUSSION

### A. Violation of the Declaration

The district court found that the lease between the Ebberts and Mrs. Ebbert

was in violation of the Declaration for the Sawtooth Condominiums. A declaration "is essentially a master deed which defines the rights and duties of the developer, the owners of the individual condominium units and the management body of the project." *Investors Ltd. of Sun Valley v. Sun Mountain Condos, Phase I, Inc. Homeowners Ass'n.* 106 Idaho 855, 857, 683 P.2d 891, 893 (1984). Section 2.2 of the Declaration, quoted above, provides that the garages are an integral part of the units to which they are appurtenant. Additionally, Section 4.5 of the Declaration provides that the condominium, the garage, the storage unit, and an undivided interest in the common area must be conveyed or encumbered as a single unit, and any attempt to divide out a portion is in violation of the Declaration. Section 4.5 provides:

> No part of a Condominium or of the legal rights comprising ownership of a Condominium may be separated from any other part hereof during the period of Condominium ownership prescribed herein, *so that each Unit and the undivided interest in the Common Area appurtenant to such Unit shall always be conveyed, devised, encumbered, and otherwise affected only as a complete Condominium.* Every gift, devise, bequest, transfer, encumbrance, conveyance or other disposition of a Condominium or any part thereof shall be presumed to be a gift, devise, bequest, transfer, encumbrance, or conveyance, respectively, of the entire condominium; together with all appurtenant rights created by law or by this Declaration.

The Ebberts' attorney conceded during oral argument that "Unit" as defined in the Declaration does include the garage for those units to which a garage is designated. Thus, according to Sections 2.2 and 4.5 of the Declaration and the terms of their respective warranty deeds, the Ebberts' conveyance of Unit 1 to Cooke, and the subsequent conveyances to the Agoglias and Thompson, conveyed the entire condominium unit, including the garage.

1. Although a memorandum of the lease agreement was recorded, Thompson asserted that he

was unaware of the lease at the time he purchased the property.

■ While Unit 1 was clearly conveyed by deeds in its totality, including the garage, the real question is the effect of the lease agreement between the Ebberts and Mrs. Ebbert. Section 4.5 of the Declaration is clear in requiring that not only must a condominium unit be conveyed as one entire indivisible unit, it likewise must be encumbered, transferred or devised as one entire unit as well. "It is the settled law of this state that a lease of real property is a conveyance or encumbrance of real estate." *Intermountain Realty Co. v. Allen et ux.*, 60 Idaho 228, 229, 90 P.2d 704, 705 (1939). Thus, the purported lease of the garage constituted an encumbrance of the property and, because it included only a portion of the Unit, it violated the Declaration. The Ebberts did not have the ability to lease the garage to Mrs. Ebbert without leasing the entire condominium along with it.

The Ebberts' attempt here to lease only a portion of the Unit was in violation of the Declaration and was, therefore, void. We affirm the district court's ruling that the lease was void.

**B. Statute of Limitations**

■ The district court concluded that the encumbrance created by the lease was a continuing violation of the Declaration and therefore, the statute of limitations had not run. The Ebberts argue on appeal that this is an action on a contract founded upon an instrument in writing and is bound by the five-year statute of limitation set forth in I.C. § 5–216. Because the lease agreement was void ab initio, it could be challenged at any time. *See Southern Idaho Realty of Twin Falls, Inc.-Century 21 v. Larry J. Hellhake and Associates*, 102 Idaho 613, 618, 636 P.2d 168, 173 (1981) ("[Void] contracts are deemed never to have existed in the eyes of the law.") Thus, we agree with the district court that Thompson's action to declare the lease agreement void was not time barred.

**C. Attorney's fees**

■ The Ebberts seek attorney's fees and costs pursuant to I.C. § 12–121, arguing that Thompson acted unreasonably and without foundation. Thompson also argues that the

Ebberts acted unreasonably by failing to make a substantial showing that the district court failed to apply the law correctly. Given that the interpretation of the Declaration was a matter of first impression, we find that neither party acted frivolously, unreasonably, or without foundation and therefore, we deny an award of attorney fees to either party on appeal.

## IV.

## CONCLUSION

The Declaration specifically restricted the condominium owners from encumbering or conveying anything less than the entire unit as defined in the Declaration. When the Ebberts leased the garage to Mrs. Ebbert, they violated the terms of the Declaration and acted without authority. We affirm the decision of the district court finding the lease agreement void and of no effect. We award costs on appeal to Thompson.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.

