# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45012

| | | |
|---|---|---|
| MICHAEL CLARKE and SUE CLARKE, Individually and as husband and wife, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | Boise, May 2018 Term |
| v. | ) ) | Filed: June 26, 2018 |
| HOLLY LATIMER, | ) ) | Karel A. Lehrman, Clerk |
| Defendant-Respondent. | ) ) ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Honorable Samuel Hoagland, District Judge.

The district court's judgment is <u>affirmed in part</u>, <u>reversed in part</u>, and <u>vacated in part</u>, and its order denying prejudgment interest is <u>affirmed</u>.

Eric R. Clark, Clark & Associates, Boise, for appellants.

Holly Latimer, Ewa Beach, Hawaii, respondent pro se.

—————————————

BRODY, Justice.

This appeal arises from Michael and Sue Clarke's attempted recovery of earlier financial losses sustained due to the fraudulent investment practices of Zach Latimer. After obtaining a judgment against Latimer, the Clarkes filed a separate action against his wife, Holly Latimer, alleging that the Latimers engaged in transfers of funds that violated the Uniform Fraudulent Transfer Act, I.C. §§ 55-910 to 55-921. The district court found in favor of the Clarkes' claim after a bench trial but ruled that there was no prevailing party and denied the Clarkes' request for attorney's fees and costs. The court also ordered the Clarkes to file a partial satisfaction of judgment in their separate action against Zach and denied their post-trial motion for prejudgment interest. The Clarkes now challenge each of these determinations, and seek additional fees and costs for their appeal.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

In 2012, the Clarkes obtained a judgment against Zach Latimer for $7,405,256.44 in a lawsuit stemming from Latimer's loss of the Clarkes' retirement savings in a fraudulent investment scheme. The Clarkes recorded the judgment in Utah in an effort to garnish wages from Latimer's employer. Thereafter, Latimer's wages were continuously garnished other than during a period in 2014 when garnishment was stayed while Latimer's bankruptcy proceedings were pending. Garnishment continued after Latimer's attempt to discharge his debt to the Clarkes through the bankruptcy action was denied.

At some point, Latimer formed two companies—ZV Latimer Investments, Inc., and VVL, LLC—for which he opened Wells Fargo bank accounts. As the sole shareholder, officer, director, manager, and member, Latimer exercised exclusive control over each company. There is no evidence that either entity actually engaged in any legitimate business. Latimer did however have his employer directly deposit his wages into the companies' bank accounts after 25% was garnished. Through all of this, Latimer would periodically transfer various funds from the companies' bank accounts to his wife's personal bank account. The transfers arose from Holly Latimer's requests for money for household and family purposes on an as-needed basis. The district court found that Holly remained in a state of "deliberate ignorance" regarding the precise nature of the transfers. The court also found that notwithstanding some extravagant spending of the money on her part, the transferred funds were used for legitimate household and family purposes.

In December 2015, the Clarkes filed their complaint against Holly seeking a judgment in the total amount of the transfers plus prejudgment interest, attorney's fees, and costs. On March 17, 2017, following a bench trial, the district court ruled in favor of the Clarkes. In a written Findings of Fact and Conclusions of Law, the court awarded a judgment of $252,868.41, which was the specific amount sought by the Clarkes at trial. The court did not award fees or costs after concluding that there was no prevailing party in the action. The court also ordered the Clarkes to file a partial satisfaction of judgment in their separate case against Zach for the amount of the new judgment against Holly.

Thereafter the Clarkes filed a motion for prejudgment interest pursuant to Idaho Code sections 55-916 and 28-22-104, seeking $81,619.32. The motion was denied from the bench. On

April 27, 2017, the Clarkes filed a partial satisfaction of judgment in their case against Zach, as well as their objection to the district court's order. At that time, the Clarkes also appealed.

## II.    STANDARD OF REVIEW

Determinations as to prevailing party, prejudgment interest, and attorney's fees and costs are committed to the sound discretion of the trial court and will not be altered absent an abuse of that discretion. *Jorgensen v. Coppedge*, 148 Idaho 536, 538, 224 P.3d 1125, 1127 (2010); *Dillon v. Montgomery*, 138 Idaho 614, 617, 67 P.3d 93, 96 (2003); *Bingham v. Montane Res. Assocs.*, 133 Idaho 420, 427, 987 P.2d 1035, 1042 (1999). To determine if a trial court abused its discretion, this Court considers whether the trial court perceived the issue as one of discretion, acted within the outer boundaries of that discretion, acted consistently with the applicable legal standards, and reached its decision by an exercise of reason. *Jorgensen*, 148 Idaho at 538, 224 P.3d at 1127.

## III.    ANALYSIS

The district court found that the transfers between Zach and Holly Latimer were voidable under the Uniform Fraudulent Transfer Act, I.C. §§ 55-910 to 55-921 (2012). In 2015, the Act was amended, which included its renaming to the Uniform Voidable Transactions Act and some minor modifications to the substantive statutes. I.C. §§ 55-910 to 55-922 (2017). Because a majority of the relevant transfers occurred prior to the amendment, the earlier version of the Act is used here.

In particular, section 55-913 of the Act provides:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(a) With actual intent to hinder, delay, or defraud any creditor of the debtor . . . .

I.C. § 55-913(1)(a).

If a creditor establishes that a fraudulent transfer was made, the Act provides remedies including avoidance, attachment, injunction, receivership, and other relief. I.C. § 55-916(1). To the extent the transfer is voidable, the creditor is able to recover a money judgment for the lesser of the value of the asset transferred and the amount necessary to satisfy the creditor's claim. I.C. § 55-917(2). The judgment can be entered against the first transferee of the asset or the person for whose benefit the transfer was made. I.C. § 55-917(2)(a). Here, the Clarkes, as creditors of

3

Zach Latimer, pursued a judgment against the first transferee, Holly Latimer, in the amount of the value of the transferred funds. To apply section 55-913, the district court considered whether a preponderance of the evidence established (1) Zach was indebted to the Clarkes, (2) the Clarkes' claim arose before or after the allegedly fraudulent transfers were made, (3) Zach made the transfers with the actual intent to hinder, delay, or defraud, and (4) the total amount Holly received from Zach.

The first two issues were not disputed. Before addressing the remaining two, the court found that Zach's post-garnishment wages lost their exempt status under Idaho Code section 11-207(1) when they were deposited into the companies' bank accounts. Because the companies (and thus their bank accounts) were under the exclusive ownership and control of Zach, the court found that the funds still remained his "assets" under the Act, i.e., "property of a debtor" not including that which "is generally exempt under nonbankruptcy law," I.C. § 55-910(2)(b). The court then found that multiple statutory factors under section 55-913(2) established that Zach transferred the assets with an actual intent to hinder, delay, or defraud the Clarkes. Given this, the court explained that the necessary elements of section 55-913(1)(a) were satisfied and the transfers were voidable to the Clarkes. From there, the court addressed the total amount of the voidable transfers and largely deferred to the undisputed amount claimed by the Clarkes. The court concluded that the Clarkes had proven their claim and were therefore entitled to recovery in the form of a judgment against Holly in that amount. The determinations that followed that decision are the subjects of this appeal.

**A. The Clarkes should have been found to be the prevailing party below.**

Reaching its conclusion of the Clarkes' entitlement to recovery, the district court explained that there was no prevailing party because the case was "largely inconsequential" as the judgment against Holly sought effectively the "same money" as the judgment against Zach. In its written decision, the court explained that

> to the extent that the Clarkes obtain a judgment against Holly Latimer voiding the lawful transfers and awarding a money judgment against her, then the new judgment against her would effectively partially satisfy the original judgment against [Zach Latimer], to the extent and in the amount of the judgment against her. Since they both live off the same income and both are responsible (based on community property law) for both judgments, [Haw. Rev. Stat. Ann. § 510-8] there seems to be no net gain or loss by either party, except in attorney fees and costs to argue a rather esoteric legal issue. The net effect is like rearranging the

4

deck chairs on the Titanic. To that extent, there is no prevailing party and no costs or fees will be awarded.

The Clarkes dispute this conclusion, contending that they are now able to pursue and attach any separate, non-community property Holly owns or acquires in the future (e.g., inheritance). The Clarkes argue that, consistent with Idaho Rule of Civil Procedure 54(d)(1)(B), they should have been found as the prevailing party after the district court found in their favor on their only claim for the amount sought at trial. They contend that the court's consideration of the "effect" of the judgment against Holly was "pure speculation" and "not relevant" to the prevailing party determination. In light of the abuse of discretion standard, the Clarkes contend that the district court failed to act consistently with the applicable legal standards and failed to reach its decision by an exercise of reason.

Idaho Rule of Civil Procedure 54(d)(1)(B) provides:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained.

"Rule 54(d)(1)(B) directs the court to consider, among other things, the extent to which each party prevailed relative to the 'final judgment or result.'" *Hobson Fabricating Corp. v. SE/Z Constr., LLC*, 154 Idaho 45, 49, 294 P.3d 171, 175 (2012). "[I]t may be appropriate for the trial court, in the right case, to consider the 'result' obtained by way of settlement reached by the parties." *Bolger v. Lance*, 137 Idaho 792, 797, 53 P.3d 1211, 1216 (2002). When multiple claims and counterclaims are at stake, "the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 719, 117 P.3d 130, 133 (2005).

Taken together, the considerations raised by the rule lead to a conclusion that the district court should have determined that the Clarkes were the prevailing party. To start, the Clarkes raised a single claim, presenting a single issue and seeking compensation in the amount of the fraudulently transferred funds; there were no counterclaims. The court found that the Clarkes were entitled to relief on their claim. Specifically, under the Uniform Fraudulent Transfer Act, the court determined that a judgment should be entered against Holly in the amount of the transfers. I.C. §§ 55-916(1)(a), 55-917(2)(a). As such, the court's decision was the most

5

favorable outcome that could have resulted from the Clarkes' claim. As the Clarkes point out on appeal, while their new judgment did not give rise to new damages, it did establish an additional avenue for recovery of a portion of the amount they are owed on their judgment against Zach. The court's analysis that followed its conclusion that the Clarkes were entitled to relief does not fall within the considerations required by Rule 54(d)(1)(B).

Prevailing party determinations are amongst the discretionary capacities of the trial courts; however, trial court discretion must be exercised consistently within the applicable legal standards. *Jorgensen*, 148 Idaho at 538, 224 P.3d at 1127. When the trial court incorrectly applies the appropriate legal standards regarding prevailing parties, this Court may correct the ruling as a matter of law. *Eighteen Mile Ranch*, 141 Idaho at 721, 117 P.3d at 135. Here, such was the case, and we therefore reverse the district court's determination and hold that the Clarkes were the prevailing party below.

**B. The district court erred by ordering the Clarkes to file a partial satisfaction of judgment in their case against Zach Latimer.**

After reaching its prevailing party conclusion, the district court ordered the Clarkes to file a partial satisfaction of judgment in their case against Zach for the same amount of the final judgment against Holly. The court's order was without any citation to legal authority. The court later explained that the satisfaction of judgment was necessary to ensure that the Clarkes did not receive an unjust windfall by obtaining two judgments against the same money. The Clarkes complied with the order while preserving their objection to the same.

On appeal, the Clarkes argue that there was no factual or legal basis for the district court's order. The Clarkes acknowledge that both Zach and Holly could be entitled to a setoff or contribution if and when payment is made on one of their respective judgments, but still contend that until such payment occurs the judgments are separate and distinct, and each should provide an uninhibited avenue for their recovery.

Idaho Rule of Civil Procedure 58.1 provides:

**(a) Required on Full Payment.** *Upon full payment of a judgment*, the party in whose favor the judgment was rendered must:

(1) file a satisfaction of judgment in the court in which the judgment was entered; and

(2) record it in every county where the judgment or abstract of the judgment is recorded.

6

I.R.C.P. 58.1(a) (emphasis added). The operative language of Rule 58.1 imposes a requirement upon a successful party to file a satisfaction of judgment; however, that obligation is conditioned on the full payment of the judgment. *See McPheters v. Maile*, 138 Idaho 391, 395, 64 P.3d 317, 321 (2002) ("Pursuant to [former] Rule 58(b), a judgment creditor has a duty to record a satisfaction of judgment upon full *payment* by the judgment debtor." (emphasis added)); *see also* I.C. § 10-1115 (allowing parties against whom a monetary judgment exists to satisfy the judgment by "*pay*[*ing*] the amount due on such judgment" to the clerk of the court (emphasis added)); 47 Am. Jur. 2d *Judgments* § 765 ("A satisfaction of judgment is the discharge of an obligation under a judgment by *payment* of the amount due. That is, *payment* of a judgment in full acts as a satisfaction and discharge of the underlying claim." (emphasis added)).

While the Clarkes' judgment against Holly could lead to future payment—which, in turn, would give rise to a setoff on the judgment against Zach in the form of the satisfaction entered here—this is not equivalent to actual payment. Instead, the district court's conclusion was based on events that had not yet occurred, and the resultant order and satisfaction of judgment must be vacated.

## C. The district court did not abuse its discretion by denying the Clarkes' prejudgment interest.

After the trial, the Clarkes filed a motion asserting their entitlement to prejudgment interest on the amount of the judgment against Holly. Therein, the Clarkes argued that prejudgment interest should be awarded pursuant to the catchall remedy of the Uniform Fraudulent Transfer Act, I.C. § 55-916(1)(c)(3), and the statutory interest provision for money that has become due, I.C. § 28-22-104(1)(2). The district court denied the motion, determining that prejudgment interest should not be awarded because (1) it was not required by the Act, and (2) equity weighed in favor of foregoing an award.

On appeal, the Clarkes proffer the same arguments raised in their motion. The Clarkes recognize that the district court had discretion to award prejudgment interest, but argue that the remedial nature of the Act should have directed such discretion toward a finding in their favor.

Generally, the Act is designed to return the creditor to his pre-transfer position. Section 55-917(3) provides that a creditor's judgment against the transferee of an asset must be for an amount equal to the value of the asset at the time of the transfer. I.C. § 55-917(3); *see also Cadle Co. v. Woods & Erickson, LLP*, 345 P.3d 1049, 1053 (Nev. 2015) ("[C]reditors have recourse in *equitable* proceedings in order to recover the property, or payment for its value, by which they

7

are returned to their pre-transfer position. . . . '[T]he relief to which a defrauded creditor is entitled in an action to set aside a fraudulent conveyance is limited to setting aside the conveyance of the property.'" (quoting 37 C.J.S. *Fraudulent Conveyances* § 203 (2008)). Thus, consistent with the district court's finding, nothing in the Act suggests that prejudgment interest should be afforded *in addition to* the value of the asset. The Clarkes' pre-transfer position entailed their judgment against Zach, which was accruing post-judgment interest. Neither that judgment nor the post-judgment interest accruing on that amount was altered by the transfers to Holly. Therefore, an award of prejudgment interest in relation to the new judgment against Holly would be improper because it would necessarily leave the Clarkes better off than their pre-transfer position.

The Clarkes cite to the Act's catchall remedy, which provides that creditors "may obtain . . . [s]ubject to applicable principles of equity and in accordance with applicable rules of civil procedure . . . any other relief the circumstances require." I.C. § 55-916(1)(c)(3). This alone does not overcome the analysis above. As such, the district court did not abuse its discretion by denying the Clarkes' motion because the Act does not require that prejudgment interest be granted. The Clarkes argument through section 28-22-104 is equally unavailing. The Clarkes identify the "money due" under the statute as the funds that were subject to Zach's fraudulent activities. The judgment against Zach and the amounts associated with that judgment are not at issue here, nor were they affected by the transfers to Holly. Thus, the district court also did not abuse its discretion by denying the motion in the face of section 28-22-104.

**D. The district court did not abuse its discretion in denying the Clarkes attorney's fees; however, the Clarkes were entitled to costs.**

Before the district court, the Clarkes requested attorney's fees pursuant to Idaho Code sections 12-120 and 12-121. Given its prevailing party ruling, the district court refused to award fees or costs, which the Clarkes now dispute. As discussed above, the district court's conclusion as to the prevailing party was incorrect. In reverse order, section 12-121 allows for awards of fees when an action is brought, pursued, or defended frivolously, unreasonably, or without foundation. I.C. § 12-121. Nothing in the record indicates that Holly defended the Clarkes' action frivolously, unreasonably, or without foundation.

Tellingly, on appeal, the Clarkes focus solely on section 12-120(3), which provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of

goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

"The term 'commercial transaction' is defined to mean all transactions except transactions for personal or household purposes." I.C. § 12-120(3). "[I]n order for a transaction to be commercial, each party to the transaction must enter the transaction for a commercial purpose." *Carrillo v. Boise Tire Co.*, 152 Idaho 741, 756, 274 P.3d 1256, 1271 (2012). For a party to recover under section 12-120(3), the commercial transaction must be between the parties to the lawsuit. *Printcraft Press, Inc. v. Sunnyside Park Utils., Inc.*, 153 Idaho 440, 461, 283 P.3d 757, 778 (2012).

The Clarkes argue that their lawsuit centered on "fraudulent commercial transactions" equivalent to those at issue in *Meyers v. Hansen*, 148 Idaho 283, 221 P.3d 81 (2009). The Clarkes correctly note that *Meyers* resulted in an award of attorney's fees for a fraudulent commercial transaction under section 12-120(3). 148 Idaho at 292–93, 221 P.3d 90–91. The transaction at issue in that case was the plaintiffs' investment in a fraudulent scheme that had been orchestrated by the defendant. *Id.*

Unlike in *Meyers*, however, the Clarkes' lawsuit against Holly is not founded upon a commercial transaction, fraudulent or otherwise, nor is it even premised on a transaction between the parties to this case. Rather, their claim was based on noncommercial transfers of funds between Zach and Holly. Although the transaction at issue in *Meyers* is similar to the one underlying the Clarkes' separate judgment against Zach, the nature of that case is irrelevant here. Thus, even if the Clarkes were the prevailing party below, the district court's determination that they were not entitled to fees is affirmed. Because the Clarkes were the prevailing party, however, they were entitled to costs under Rule 54(d).

## E. The Clarkes are entitled to costs on appeal.

Finally, for their appeal, the Clarkes seek costs and fees pursuant to section 12–120(3). The Clarkes qualify as the prevailing party on appeal and are therefore entitled to costs. I.A.R. 40(a). Our consideration of the issue of fees on appeal reaches the same conclusion as our consideration of the issue of fees below, and therefore no fees will be awarded.

## IV.    CONCLUSION

Based on the foregoing, we (1) reverse the district court's prevailing party ruling in favor of the Clarkes; (2) vacate the district court's order requiring the Clarkes to file a partial

9

satisfaction of judgment in their case against Zach Latimer and the partial satisfaction of judgment that was filed; (3) affirm the district court's decision denying the Clarkes' motion for prejudgment interest; (4) affirm the district court's denial of attorney's fees; (5) reverse the district court's denial of costs; (6) deny the Clarkes' request for attorney's fees on appeal; and (7) grant the Clarkes costs on appeal.

Chief Justice BURDICK, and Justices HORTON, BEVAN, and Justice Pro Tem SCHROEDER CONCUR.