# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JSP HAVEN, LLC dba HAVEN HILLS APARTMENTS,<br><br>       Respondent,<br><br>  v.<br><br>DOUGLAS CONNER, and all other persons occupying 13914 NE Salmon Creek Avenue, #E-164, Vancouver, WA,<br><br>       Appellant. | No. 59699-7-II<br><br><br><br>UNPUBLISHED OPINION |

LEE, J. — Douglas Conner appeals the trial court's judgment in favor of JSP Haven in an unlawful detainer action. Conner argues the trial court erred when it awarded JSP Haven its attorney fees and costs that included a convenience fee.

We hold the trial court was statutorily authorized to award JSP Haven attorney fees; however, the trial court lacked authority to award JSP Haven the convenience fee as a statutory cost. Thus, we affirm the trial court's award of attorney fees to JSP Haven, but we reverse the award of the convenience fee to JSP Haven.

## FACTS

In April 2023, Conner signed a one-year lease to rent residential property from JSP Haven, LLC[1] at a rate of $1,900.00 per month. The lease term began on May 1. Conner was also responsible for paying for the apartment's utilities.

---

[1] JSP Haven does business as Haven Hills Apartments.

On February 7, 2024, JSP Haven served Conner with a "14-Day Notice to Pay Rent or Vacate the Premises" (14-Day Notice). Clerk's Papers (CP) at 23. The notice alleged that Conner failed to pay rent and utilities for January and February, 2024. The notice required that Conner pay the amount due or vacate the premises within fourteen days. Conner failed to pay the amount due or vacate within fourteen days.

A.  UNLAWFUL DETAINER ACTION COMMENCES

On February 27, Conner was personally served with an "Eviction Summons (Residential)," a "Complaint for Unlawful Detainer," a "Motion and Declaration for Order to Show Cause," and an "Order to Show Cause." Suppl. CP at 72 (some capitalization omitted). In the complaint, JSP Haven alleged that Conner failed to comply with the 14-Day Notice and remained in possession of the property.

JSP Haven sought a writ of restitution directing the sheriff to restore possession of the property to JSP Haven, as well as damages "in the amount of rent and late charges owing at the time of judgment and for reasonable attorney fees and costs." CP at 6. The Order to Show Cause required Conner to appear before the trial court on March 14 "and show cause why a writ of restitution should not be issued for eviction . . . and why the other relief requested in the complaint should not be granted." Suppl. CP at 71.

B.  SHOW CAUSE HEARING

On March 4, Conner filed a notice of appearance as a self-represented litigant. On March 14, the parties appeared for a show cause hearing. At the hearing, Conner requested that the matter be set over to allow him time to secure counsel through the Office of Civil Legal Aid. The trial

court set the matter over to April 5. On March 19, Conner was assigned counsel, and his lawyer filed a notice of appearance with the trial court.

On April 3, Conner filed a "Memorandum of Points and Authorities for Disallowance of Attorney Fees with an Appearance Only." CP at 31. In the memorandum, Conner argued that the trial court could not award attorney fees to JSP Haven because Conner had not responded within the meaning of RCW 59.18.290(3)(a).[2]

On April 4, JSP Haven filed an "Amended Plaintiff's Declaration," alleging that "[s]ubsequent to the service of the [14-Day Notice], rent continued to accrue." CP at 36, 37. Thus, in addition to the amount alleged in the complaint, JSP Haven sought a judgment that included missed rent and utility payments for March and April.

At the April 5 show cause hearing, Conner stated that he had no objection to the entry of a writ of restitution. Conner also informed the trial court that he was "seeking to raise money to pay the judgment" and if "the writ execution date" approached before the parties had settled the amount of the judgment, he would request a stay pending judgment.[3] 1 Verbatim Rep. of Proc. (VRP) (Apr. 5, 2024) at 4.

---

[2] RCW 59.18.290(3) provides that when the landlord prevails in an unlawful detainer action, the trial court may grant the landlord attorney fees. "[H]owever, the court shall not award attorneys' fees . . . [i]f the judgment for possession is entered after the tenant failed to respond to a pleading or other notice requiring a response authorized under this chapter." RCW 59.18.290(3)(a).

[3] After a trial court issues a writ of restitution and

within three days after the service of the writ of restitution issued prior to final judgment, the defendant . . . may, in any action for the recovery of possession of the property for failure to pay rent, stay the execution of the writ pending final judgment by paying into court or to the plaintiff, as the court directs, all rent found to be due, and in addition by paying, on a monthly basis pending final judgment,

The trial court granted JSP Haven's request for a writ of restitution and stated that the judgment would be addressed separately. The "Order for Writ of Restitution" was issued on April 10. CP at 43.

C.    JUDGMENT HEARING

JSP Haven filed a proposed judgment that included an award of attorney fees and a filing fee that included a $7 convenience fee.[4]  On May 9, Conner filed a declaration objecting to JSP Haven's proposed judgment.  In the declaration, Conner stated that he had not responded to JSP Haven within the meaning of RCW 59.18.290(3)(a); thus, the trial court could not award JSP Haven attorney fees as part of its judgment.  Conner also stated that rent stopped accruing at the conclusion of the 14-Day Notice period in February, meaning the trial court could not include March and April rent or utilities in its judgment for JSP Haven.  Finally, Conner argued that any

---

an amount equal to the monthly rent called for by the lease or rental agreement at the time the complaint was filed

RCW 59.18.380.

[4] Clark County charges plaintiffs in a residential unlawful detainer action a $85 fee for any "Original Filing" and an additional $112 when a non-default order is filed for a total filing fee of $197. *Fee Schedule*, CLARK COUNTY, https://clark.wa.gov/clerk/fee-schedule (June 3, 2024).  A "[c]onvenience fee" is added when the plaintiff pays the filing fee by debit or credit card. *Fee Schedule*, CLARK COUNTY, https://clark.wa.gov/clerk/fee-schedule (June 3, 2024).  While Clark County's website does not indicate how much it charges for a convenience fee, the filing fee at issue here was $204, indicating that the convenience fee was $7 ($204-$7 = $197).

Where the trial court finds for the landlord in an unlawful detainer action, the trial court "may award statutory costs." RCW 59.18.410(1). CR 54(d)(1) dictates, "Costs and disbursements shall be fixed and allowed as provided in RCW 4.84 or by any other applicable statute." RCW 4.84.010(1) allows the trial court to award "certain sums for the prevailing party's expenses," including "[f]iling fees."

filing fee included in costs awarded to JSP Haven should be $197, rather than the $204 JSP Haven requested because the $7 convenience fee was not recoverable.

On May 10, JSP Haven filed a "Declaration Regarding Past Due Rent and Rental Damages." CP at 55. In the declaration, JSP Haven reiterated its previous request for missed rent and utility payments for February, March, and April, and added a request for missed rent and utility payments for May.

The trial court conducted a hearing on the judgment on May 10. At the hearing, Conner stated that he was "disputing the amount of the judgment." 1 VRP (May 10, 2024) at 7. Specifically, for purposes of this appeal, Conner challenged the imposition of attorney fees as part of the judgment and the inclusion of the $7 convenience fee as part of the filing fee.

1.      May Damages

On the issue of whether JSP Haven could recover the rent and utility payments owed for May, Conner argued that JSP Haven could not recovery any missed payments in March, April, or May because those damages arose after JSP Haven filed its complaint.

The trial court stated that the complaint requested "amounts that might be due and owing through the judgment and no judgment's been entered." 1 VRP (May 10, 2024) at 12. Based on that language, the trial court granted JSP Haven damages on a pro rata basis through May 10.

2.      Attorney fees

On the issue of attorney fees, Conner argued that JSP Haven should not be awarded attorney fees because "judgment for possession" had been entered after Conner "failed to respond to a pleading or other notice requiring a response authorized under this chapter." RCW 59.18.290(3)(a). Conner's argument distinguished an "appearance" from a "response" and

contended that because he did not challenge the issuance of a writ of restitution, he only appeared and did not respond to any pleading or notice. 1 VRP (May 10, 2024) at 13, 14.

The trial court rejected Conner's argument. The trial court explained:

[T]he Court is not inclined to find that there's been no response [by Conner]. In fact, today's hearing . . . is pretty clear indication that the defense has some argument that they want to make about a judgment. And I don't believe that the legislature's language about response versus appearance would lend itself to saying there's no attorney's fees in this situation. Given the posture of the parties thus far, the Court does not find that [RCW 59.18.290's] language about response applies here and the Court does find that attorney's fees are appropriate.

1 VRP (May 10, 2024) at 10-11.

Conner responded that filing a notice of appearance was not a response within the meaning of RCW 59.18.290(3)(a), but rather a response to the trial court's assertion of jurisdiction over the matter. According to Conner, a tenant responds if, after making a notice of appearance, they "file[] a controversion of the allegations made by the [landlord]. At that point, there's back and forth between the defendant and the plaintiff as to the merits," and "[t]hat's when attorney fees would be awarded." 1 VRP (May 10, 2024) at 14. When, instead, a tenant simply files a notice of appearance, "then they have the right to watch the procedure of the Court as it goes through the case" and "a right to object to any exercise of jurisdiction that is unauthorized or excessive. For example, when a judgment is being entered." 1 VRP (May 10, 2024) at 14.

The trial court was not persuaded by Conner's argument, stating that Conner had done more than merely file a notice of appearance: "you have emphatically and consistently made arguments and disputes regarding the judgment." 1 VRP (May 10, 2024) at 16. "The show cause hearing is an opportunity to see if there's any issue of fact," including "a potential judgment where a judgment might be appropriate." 1 VRP (May 10, 2024) at 16.

6

3.      Convenience Fee

Finally, the trial court addressed Conner's challenge to the $7 convenience fee added onto the filing fee. Conner argued the trial court could only award JSP Haven statutorily authorized costs, and that the $7 convenience fee was not statutorily authorized. The trial court rejected Conner's argument: "If anyone wants to object to [the convenience fee], I suggest you talk to the Clerk about joining Odyssey, and then [filing is] free." 1 VRP (May 10, 2024) at 22. The trial court granted JSP Haven the requested convenience fee added onto the filing fee.

Following the hearing, the trial court granted JSP Haven a $9,822.99 judgment. Included in that judgment was $750 in attorney fees and a $204 filing fee.

Conner appeals.

ANALYSIS

A.      LEGAL PRINCIPLES: UNLAWFUL DETAINER

Unlawful detainer is a statutory proceeding intended to resolve who, between a landlord and tenant, has the right to possession of property. *Garrand v. Cornett*, 31 Wn. App. 2d 428, 437, 550 P.3d 64 (2024). Both the Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW, and the unlawful detainer statute, chapter 59.12 RCW, govern unlawful detainer actions in Washington. *Id.* Because the RLTA and the unlawful detainer statute derogate the common law, they are "strictly construed in the tenant's favor." *Id.* at 437, 442 n.4.

To initiate an unlawful detainer action, a landlord must first give the tenant written notice of their intent to terminate the tenancy. RCW 59.12.030(3); RCW 59.18.057. If a tenant remains in possession of the property once the notice deadline passes, the landlord can file a complaint for unlawful detainer. *See Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 156, 437 P.3d

677 (2019). To physically evict the tenant, "a landlord may apply for a writ of restitution at the same time as commencing the action or at any time thereafter." *Id.* at 157.

The RLTA requires a show cause hearing before the trial court issues a writ of restitution. RCW 59.18.370. At the show cause hearing, the tenant "may answer, orally or in writing, and assert any legal or equitable defense or set-off arising out of the tenancy." RCW 59.18.380. "[I]f it shall appear that the plaintiff has the right to be restored to possession of the property, the court shall enter an order directing the issuance of a writ of restitution . . . restoring to the plaintiff possession of the property." RCW 59.18.380. Additionally, if the court finds that "there is no substantial issue of material fact of the right of the plaintiff to be granted other relief as prayed for in the complaint and provided for in this chapter, the court may enter an order and judgment granting so much of such relief as may be sustained by the proof." RCW 59.18.380.

B.    ATTORNEY FEES

At issue in this appeal is the provision of the RLTA allowing courts to award landlords attorney fees. Where a landlord prevails in an unlawful detainer action, the trial court may generally "award reasonable attorneys' fees to the landlord." RCW 59.18.290(3). However, "the court shall not award attorneys' fees . . . [i]f the judgment for possession is entered after the tenant failed to respond to a pleading or other notice requiring a response authorized under this chapter." RCW 59.18.290(3)(a).

We review issues of statutory interpretation de novo. *Atkerson v. Dep't of Child., Youth & Fams.*, 4 Wn.3d 307, 315, 562 P.3d 1256 (2025). In interpreting statutes, we endeavor "'to ascertain and carry out the Legislature's intent.'" *Id.* (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)). In determining the legislature's intent, "we

consider the statutory language in the context of 'all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question.'" *Id.* (quoting *Campbell*, 146 Wn.2d at 11). "'Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" *Id.* (quoting *City of Seattle v. State*, 136 Wn.2d 693, 698, 965 P.2d 619 (1998)). "[I]f the statue's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *Campbell*, 146 Wn.2d at 9-10.

Only if a statute is ambiguous will we turn to legislative history or "other aids to statutory construction." *Atkerson*, 4 Wn.3d at 315. A statute is ambiguous if it is "susceptible to more than one reasonable meaning." *Campbell*, 146 Wn.2d at 12.

Conner argues that the trial court was precluded from awarding JSP Haven attorney fees because after the trial court awarded JSP Haven possession of the property, Conner did not file an answer to JSP Haven's complaint or otherwise "dispute any facts or raise any factual defenses" to JSP Haven's claims. Br. of Appellant at 7. In other words, Conner argues he "failed to respond" within the meaning of RCW 59.18.290(3)(a). We disagree.

Conner clearly responded to JSP Haven's complaint when he objected to JSP Haven's proposed judgment. In its complaint, JSP Haven asked the trial court to "enter judgment against [Conner] for unlawful detainer in the amount of rent and late charges owing at the time of judgment and for reasonable attorney fees and costs in this proceeding." CP at 6. At the judgment hearing, Conner challenged not only JSP Haven's attorney fees request, but the amount of the judgment itself, arguing that JSP Haven was not entitled to recover missed rent and utility payments that accrued after JSP Haven filed its complaint. *See* 1 VRP (May 10, 2024) at 7 ("I'm also disputing

the amount of the judgment."). Thus, Conner "respond[ed] to a pleading . . . authorized under [the RLTA]." RCW 59.18.290(3)(a). Accordingly, the trial court did not err in awarding JSP Haven attorney fees.

C.    CONVENIENCE FEE

Conner also challenges the trial court's award of costs to JSP Haven. Specifically, Conner argues that the trial court erred in awarding $204 to JSP Haven for a filing fee because the amount included both the filing fee itself and a $7 convenience fee.

The County charges plaintiffs in residential unlawful detainer actions a $85 fee for any "Original Filing." *Fee Schedule*, CLARK COUNTY, https://clark.wa.gov/clerk/fee-schedule (June 3, 2024); RCW 36.18.020(2)(a), (5)(c). If the plaintiff subsequently files a non-default judgment or order, the County charges an additional $112.00 filing fee. *Fee Schedule*, CLARK COUNTY, https://clark.wa.gov/clerk/fee-schedule (June 3, 2024); RCW 36.18.012(5). Because JSP Haven obtained a judgment against Conner, JSP Haven incurred a $197 filing fee.

A "[c]onvenience fee" is added onto the filing fee when the plaintiff pays the filing fee by using a debit or credit card. *Fee Schedule*, CLARK COUNTY, https://clark.wa.gov/clerk/fee-schedule (June 3, 2024). Given that JSP Haven paid a $204 filing fee, the convenience fee amounted to $7.

Where the trial court finds for the landlord in an unlawful detainer action, the trial court "may award statutory costs." RCW 59.18.410(1). CR 54(d)(1) dictates, "Costs and disbursements shall be fixed and allowed as provided in RCW 4.84 or by any other applicable statute." RCW 4.84.010(1) allows the trial court to award "certain sums for the prevailing party's expenses," including "[f]iling fees."

Conner argues "that the convenience fee is not a 'statutory cost' because it does not appear anywhere in a statute, and it is not mandatory." Br. of Appellant at 44. We agree.

RCW 59.18.410(1) allows the trial court to "award statutory costs." CR 54(d)(1) states that "[c]osts . . . shall be fixed and allowed as provided in RCW 4.84 or by any other applicable statute." RCW 4.84.010 lists the "[c]osts allowed to [a] prevailing party" and includes "[f]iling fees." RCW 4.84.010(1). However, neither RCW 59.18.410(1) nor RCW 4.84.010(1) include convenience fees as a recoverable cost. Rather, the convenience fee is added on top of a statutorily allowed filing fee. *See* RCW 36.18.020(2)(a), (5)(c), .012(5).

Because "[c]osts . . . shall be fixed and allowed as provided in RCW 4.84," and RCW 4.84.010(1) does not include convenience fees in its list of recoverable costs, the $7 convenience fee was not statutorily authorized. CR 54(d)(1). Thus, the trial court erred by awarding JSP Haven the convenience fee as a statutory cost.

D.    ATTORNEY FEES ON APPEAL

JSP Haven requests attorney fees and costs on appeal pursuant to RAP 18.1 and RCW 59.18.410(1) and .290. We "will award attorney fees to the prevailing party 'only on the basis of a private agreement, a statute, or a recognized ground of equity.'" *Tedford v. Guy*, 13 Wn. App. 2d 1, 17, 462 P.3d 869 (2020) (quoting *Equitable Life Leasing Corp. v. Cedarbrook, Inc.*, 52 Wn. App. 497, 506, 761 P.2d 77 (1988)).

RCW 59.18.410(1) allows the court to award "statutory costs" and "reasonable attorneys' fees as provided in RCW 59.18.290." RCW 59.18.290 allows for the prevailing party to recover attorney fees and costs when a landlord has successfully removed a tenant or has obtained a

judgment restoring possession of the property to the landlord.  RCW 59.18.290(1), (3).  Here, JSP Haven is the prevailing party and is entitled to attorney fees on appeal.

JSP Haven also requests that we award attorney fees on appeal as a sanction against Conner for filing a frivolous appeal.  Because attorney fees on appeal are being granted based on RCW 59.18.290(3), we do not address this additional argument.

CONCLUSION

We affirm the trial court's award of attorney fees.  However, we reverse the award of the convenience fee to JSP Haven as a statutory cost.  We also grant JSP Haven its attorney fees and costs on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, J.

Cruser, C.J.

12